Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL MUNICIPIO DE SAN JUAN REPRESENTADO POR SU ALCALDE, HON. MIGUEL ROMERO LUGO Y OTROS<br><br>Apelados-Recurridos<br><br>v.<br><br>NÚMERO UNO OCEAN PARK, LLC P/C DE SU AGENTE RESIDENTE LUIS M. FERRER MEDINA Y OTROS<br><br>**Lcdo. Diego Murgia Díaz, Lcdo. Arturo L. B. Hernández González**<br><br>Apelantes -Peticionarios | KLCE202500632 | APELACIÓN **acogida como _CERTIORARI_** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2022CV01010 consolidado SJ2022CV01720<br><br>Sobre: _Injunction_ (Entredicho Provisional, _Injunction_ Preliminar y Permanente) |

Panel integrado por su presidenta la jueza Ortiz Flores, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de junio de 2025.

Comparecen ante este tribunal apelativo el Lcdo. Diego Murgia Díaz y el Lcdo. Arturo L.B. Hernández González (licenciado Murgia Díaz y el licenciado Hernández González y, en conjunto, los peticionarios), representantes legales de Número Uno Ocean Park, LLC (Número Uno), y Ocean Park Lounge, LLC (OP Lounge), mediante el recurso de _certiorari_ de epígrafe, solicitándonos que revoquemos la _Orden_ emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI), el 15 de mayo de 2025, y notificada al día siguiente. Mediante este dictamen, el foro primario declaró _No Ha Lugar_ a la solicitud de relevo de representación legal incoada por los peticionarios.[1]

---

[1] El 4 de junio de 2025, este foro apelativo intermedio, mediante _Resolución_ acogió el recurso como _certiorari_ y ordenó el cambio de alfanumérico de KLAN202500492 a KLCE202500632.

Por los fundamentos que expondremos a continuación, determinamos denegar el auto de *certiorari* solicitado.

**I.**

Iniciamos el recuento de esta controversia apuntalando que este foro intermedio apelativo ha tenido previamente la ocasión de dilucidar varios asuntos sobre este caso.[2] Por lo anterior, procederemos a resumir el tracto procesal que nos dirige al asunto sobre la solicitud del relevo de la representación legal.

En síntesis, el caso que nos ocupa se originó con una *Petición* presentada por el Municipio de San Juan ante el TPI en el 2022 sobre Procedimiento Especial, Artículo 14.1 y 14.2 de la Ley Núm. 161 del 1 de diciembre de 2009.[3] El Municipio solicitó la paralización del uso y la demolición de la obra imputada a Número Uno. En el petitorio, se alegó que Número Uno y su agente residente, Sr. Luis M. Ferrer Medina, realizaron una obra de construcción y/o mantienen los usos según descritos a continuación, en violación a las leyes y reglamentos municipales:

> **[...] OPERACI[Ó]N DE ESCUELA DE DEPORTES ACU[Á]TICOS: TIENDA DE VENTA DE ROPA Y ART[Í]CULOS DEPORTIVOS; OPERACI[Ó]N DE M[Ú]SICA EN VIVO LOCALIZACI[Ó]N CALLE SANTA ANA 1, URB, OCEAN PARK SAN JUAN, PR [...]**[4]

---

[2] Véase, el escrito del recurso, a las págs. 5-6. Los alfanuméricos de los casos en referencia son: KLCE202200576, KLCE202200584, y KLAN202400048.

[3] Véase, el Apéndice del Recurso, a las págs. 0001-0002. El número de la querella que muestra la *Petición* es 19OP-52722 QU SA. La *Petición* sólo referencia el 2022 como el año en el que se suscribió, sin hacer mención del día o el mes.

[4] *Íd.*, a las págs. 0001-0002. El documento imputó violaciones al Artículo 9.12 incisos (a) y (b) de la Ley Número 161 del 1 de diciembre de 2009, el Código Municipal de Puerto Rico, Ley Número 107 del 14 de agosto de 2020, y el Convenio de Transferencias, suscrito entre el Municipio de San Juan, la Junta de Planificación y la Administración de Reglamentos y Permisos (OGPe) en su Regla 1.6.7 del Reglamento Conjunto. Véase, también, el Apéndice del Recurso, a las págs. 0043-0050 y 0154-0161. El *Permiso Único* número 2020-314411-PU-131557 describe el proyecto como sigue: [...] Casa de Huéspedes (Hospedería) y Comedor con Venta de Bebidas Alcohólicas al Detal y Venta de Suvenires [...] y exhibe fecha de expiración de 02/20/2023. Un permiso anterior con número 2020-314411-PU-052638, y de igual descripción, exhibe fecha de expiración de 02/11/2022. Véase, también, el Apéndice del Recurso, a las págs. 0171-0181. Entre las autorizaciones incluidas en el expediente se encuentra la expedida por el Departamento de Recursos Naturales y Ambientales (DRNA).

El 15 de febrero de 2022, el TPI emitió una *Orden y Citación* para dilucidar si procedía o no la concesión del *injunction* estatutario solicitado. La determinación se notificó al día siguiente.[5]

Luego de varios trámites procesales, el 14 de marzo de 2022, los peticionarios presentaron la *Moción asumiendo representación legal y urgente solicitud de posposición de vista o, en la alternativa, de conversión de la misma en una sobre estado de los procedimientos.*[6] Ambos licenciados suscribieron el escrito y solicitaron la posposición del señalamiento.

Al día siguiente, mediante *Orden,* el foro *a quo* se dio por enterado de la representación legal anunciada y no suspendió la vista. No obstante, advirtió que el tiempo sería utilizado para calendarizar los procedimientos.[7]

Luego de varias incidencias procesales, el 28 de marzo de 2022, Número Uno y OP Lounge, sin someterse a la jurisdicción, presentaron una *Urgente moción de desestimación con relación a peticiones de injunction presentadas por las partes demandantes.*[8] Insistieron en que contaban con todos los permisos, por lo que solicitaron al Tribunal que desestimara las peticiones de *injunction.*

Varios años después y luego de varios eventos procesales, el 14 de mayo de 2025, el licenciado Murgia Díaz y el licenciado Hernández González suscribieron una breve *Moción de renuncia de representación legal.*[9] Alegaron diferencias irreconciliables e insalvables con las corporaciones que representaban.

---

[5] Véase el Apéndice del Recurso, a las págs. 0003-0006. El alfanumérico asignado es SJ2022CV01010. Véase, también, el Apéndice del Recurso, a las págs. 0096-0099. El 10 de marzo de 2022, otra petición de *injunction* relacionada con la misma controversia fue solicitada en el caso *COPI, INC. vs. Ocean Park Lounge, LLC; Pegasus Real Estate Corporation; Corporación ABC; Sociedad DEF* (SJU2022CV01720). Ese mismo día, mediante *Orden,* el TPI consolidó ambos casos bajo el caso número SJ2022CV01010.

[6] *Íd.,* a las págs. 0100-0104.

[7] *Íd.,* a la pág. 0105.

[8] *Íd.,* a las págs. 0220-0249.

[9] *Íd.,* a las págs. 1591-1592.

El 15 de mayo de 2025, COPIC, Inc. presentó su oposición a la renuncia.[10] Adujo que, los representantes legales tenían la finalidad de dilatar los procesos para que las corporaciones prolongaran su operación sin los permisos correspondientes.

Ese mismo día, el TPI, mediante la *Orden* objetada, declaró *No Ha Lugar* la solicitud de relevo de representación legal y expresó lo siguiente:

> [...] La vista en su fondo está señalada para iniciar el próximo 30 de junio de 2025. Le recuerdo que este caso data del 2022. Mientras los demandados no presenten su nueva representación legal, se mantendrán como abogados de récord y deberán venir preparados para iniciar la vista en su fondo. [...].[11]

La determinación fue notificada al día siguiente.

En desacuerdo con la determinación, los peticionarios acudieron ante esta Curia mediante le recurso de epígrafe imputándole al foro recurrido haber incurrido en el siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DICTAR SU ORDEN DEL 15 DE MAYO DE 2025, TODA VEZ QUE PROHIBIÓ INJUSTIFICADAMENTE QUE LOS SUSCRIBIENTES RENUNCIARAN A LA REPRESENTACIÓN LEGAL DE LAS DEMANDADAS EN CIRCUNSTANCIAS EN QUE EXISTEN DIFERENCIAS IRRECONCILIABLES E INSALVABLES ENTRE ÉSTOS Y DICHA REPRESENTACIÓN ES INVIABLE COMO CUESTIÓN DE DERECHO.**

El 4 de junio de 2025 emitimos *Resolución* concediendo a la parte recurrida hasta el 16 siguiente para expresarse. El 11 de junio se cumplió lo ordenado por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

---

[10] Véase el Apéndice del Recurso, a las págs. 1594-1596. La entidad COPIC, Inc. presentó una *Petición de Injunction* el 10 de marzo de 2022 al ser propietaria de una residencia colindante con el predio propiedad de las corporaciones Número Uno, y OP Lounge. Véase, también, el Apéndice del Recurso, a las págs. 0065-0072. Destacamos que los recurridos son COPIC, Inc., el Municipio Autónomo de San Juan y Calidad de Vida Vecinal, Inc. según surge del recurso y del escrito en oposición.
[11] Véase el Apéndice del Recurso, a la pág. 1608.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*.

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

También, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del

Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III**

En esencia, los peticionarios plantean que erró el TPI al prohibirle de manera injustificada la renuncia de la representación legal de la parte demandada, entiéndase, Número Uno y OP Lounge.

Como mencionáramos, los peticionarios solicitaron ser relevados como representantes legales de la parte demandada antes identificada. Expresaron experimentar diferencias "irreconciliables e insalvables". También, indicaron que la representación legal resulta "inviable como cuestión de derecho".

Recordemos que, respecto al procedimiento de renunciar a la representación legal de un cliente, la Regla 9.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 9.2, establece que:

> …
> [c]uando un abogado o abogada que haya comparecido ante un tribunal en representación de un(a) cliente(a) solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. **El abogado o abogada expondrá las razones por las cuales debe permitirse su renuncia** e informará el número de teléfono y la dirección postal de quien represente. Hará constar, además, que ha notificado la renuncia a su cliente(a) y que ha cumplido con las exigencias de los Cánones de Ética Profesional. **El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento**. (Énfasis nuestro)

Así pues, tras evaluar los planteamientos de los peticionarios, así como la oposición de la parte recurrida y, en consideración que el trámite de este caso lleva más de tres (3) años desde instado, según advirtió el TPI en la *Resolución* recurrida, entendemos que la decisión tomada de denegar el relevo de representación legal en este caso no es arbitraria, parcializada como tampoco constituye un error manifiesto.

De igual manera, en su recurso, los peticionarios indicaron que hubo una instrucción expresa del cliente para terminar la

relación de representación.[12] Sin embargo, no observamos expresión concreta en el expediente a esos efectos que nos permita justipreciar lo planteado.

Advertimos, además, que en el dictamen recurrido el foro primario señaló que esta determinación se mantiene hasta que Número Uno Ocean Park, LLC y Ocean Park Lounge, LLC., anuncien nueva representación legal. Por ende, no es un dictamen totalmente definitivo, sino que se autorizará el relevo una vez se cumpla la condición allí expresada.

Por último, debemos abstenernos de intervenir con aspectos de la administración y el manejo del caso, cuando el foro de primera instancia es quien tiene todos los elementos de juicio y está en mejor condición que nosotros para determinar las medidas adecuadas que garanticen la solución, justa y rápida del caso. Al respecto, la Regla 9.2 de las de Procedimiento Civil, *supra*, claramente preceptúa que el tribunal puede rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente. Sobre esto, no podemos obviar que el juicio en su fondo está pautado para comenzar el 30 de junio de 2025. Por lo cual, esta determinación merece nuestra deferencia y es importante que prosigan los procedimientos del caso, sin mayor dilación.

En fin, al examinar estos hechos al palio de la Regla 40 de nuestro Reglamento, *supra*, concluimos que no está presente, en este caso, ninguno de los criterios que justifiquen nuestra intervención con el dictamen impugnado.

Recordemos que es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso

---

[12] Véase, el escrito del recurso, a la pág. 11.

abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, supra, citando a *Lluch v. España Service Sta.,* supra.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones